IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL DEWAYNE HASTINGS,
ADC #110772                                                                                          PLAINTIFF

2:09CV00186JLH/JTK

LARRY NORRIS, et al.                                                                          DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on the Motion to Dismiss, filed by defendants M. Edward, Norman, K. Grisby, Powell, Granger, Lowe, Yarbrough, and Holloway (medical defendants) (Doc. No. 14), and the Motion for Summary Judgment filed by defendants Wendy Kelly and Larry Norris (ADC defendants) (Doc. No. 46).  By Order dated May 20, 2010, this Court notified the medical defendants that their motion would be construed as a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(d), and directed the parties to submit additional grievances and affidavits in support of their respective positions (Doc. No. 43).  The medical defendants thereafter filed a Statement of Indisputable Material Facts, together with exhibits and an affidavit (Doc. No. 45).  Plaintiff filed responses to the defendants' motions (Doc. Nos. 38, 52).

Plaintiff is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC).  He filed this action against defendants pursuant to 42

U.S.C. § 1983, alleging Eighth Amendment violations of deliberate indifference to his serious medical needs, while incarcerated at the East Arkansas Regional Unit of the ADC. Specifically, plaintiff states he was placed in an unsanitary cell and awoke on October 2, 2009 with a staph infection covering his face. Plaintiff alleges the ADC defendants were deliberately indifferent to his health and safety needs by failing to maintain sanitary living areas, and that the medical defendants were deliberately indifferent with respect to their treatment of his staph infection condition. Plaintiff asks for monetary and injunctive relief from defendants.

## II.  Summary Judgment Motions

A.  Defendants' Motions

1) Medical Defendants (Doc. Nos. 14, 45) - In support of their motion, defendants state plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants cite to case law requiring complete exhaustion of all administrative remedies prior to filing suit – Jones v. Bock, 549 U.S. 199, 218 (2007), Booth v. Churner, 532 U.S. 731, 739 (2001), and Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). In addition, defendants note that plaintiff admits in his complaint that he did not complete the final step of the grievance procedure, and they attach the Declaration of Charlotte Gardner, the ADC Medical Grievance Investigator, who states plaintiff exhausted one grievance, EA-09-1759, as of March 26, 2010 (Doc. No. 45, Exs. B, C). Defendants also attach a copy of the ADC grievance procedure, AD 09-01, which outlines procedures for inmates to follow in filing and appealing grievances (Doc. No. 45, Ex. A).

2) ADC Defendants (Doc. No. 46) - In support of their motion, the ADC defendants also state plaintiff's complaint should be dismissed for failure to exhaust, noting that the one grievance plaintiff fully appealed did not mention either defendants Kelly or Norris, as required by the grievance procedure, AD 09-01 IV.C.4 (Doc. No. 45, Ex. A).  These defendants also state plaintiff's allegations against them should be dismissed, because he does not indicate the capacity in which he is suing them, and therefore, such is construed as suing them in their official capacities only, citing Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  Defendants state plaintiff's complaint against them also should be dismissed because he is suing them based on their supervisory positions only, and that respondeat superior liability is not available in a § 1983 action, citing Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

B.  Plaintiff's Responses (Doc. Nos. 38, 52)

In his responses, plaintiff states one of the grievances he filed, EAM 10-00028, was found to be with merit, but was resolved, and that he did not receive responses from other grievances he filed.  Plaintiff complains he did not receive responses to many of the informal grievances he filed, and that he should not be required to complete a grievance process when defendants refuse to respond.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings,

4

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, supra, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In Johnson v. Jones, supra, 340

F.3d at 627, the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  Finally, in Jones v. Bock, supra, 549 U.S. at 218, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

D.  Analysis

According to the ADC Grievance Procedure, AD 09-01, the grievance process consists of three steps.  The first step is the Informal Resolution, which should be submitted by the inmate within fifteen days of the occurrence of the incident.  AD 09-01 IV.E.1.  In the case of a medical complaint, a response is to be submitted to the inmate within three working days of submission to the medical staff.  The grievance procedure provides that if the inmate does not receive a response to the Informal Resolution as required within the three-day period, the inmate should proceed to step two.  AD 09-01 IV.E.11.  In addition, if the problem is not resolved, the inmate is to proceed to step two, and file a Formal Resolution.

Following submission of a Formal Resolution, an inmate is to receive a written response within twenty working days of the receipt of the grievance.  AD 09-01 IV.F.7.  If an inmate does not receive a response within that time period, the inmate may move on to step three, which is an appeal to the Chief Deputy/Deputy/Assistant Director level, within five working days.  AD 09-01 IV.F.8.   This appeal to step three also should be followed if an inmate is not satisfied with the response received in step two.  Following such an

appeal, the inmate should receive a response at the third level within thirty working days of its submission. AD 09-01 IV.G.6.

The grievance procedure also provides notice that complete exhaustion of the grievance process is required prior to the filing of a lawsuit by an inmate. Section IV.C.4 provides, "Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC. Inmates must fully exhaust the grievance prior to filing a lawsuit." Section IV.N, entitled "Prison Litigation Reform Act Notice," further explains that the PLRA requires exhaustion "as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit."

The Court has reviewed the grievances submitted by both parties in support of their respective positions. Doc. Nos. 2, 7, 38, 45. The Court notes that plaintiff filed several informal resolutions concerning his health problems, on October 10, 2009, October 13, 2009, October 18, 2009, October 21, 2009, November 19, 2009, and December 21, 2009. All of these include staff notations, which are responses to the complaints asserted in the grievances. Plaintiff also filed formal resolutions on November 15, 2009, and December 15, 2009.

The file contains evidence of two numbered grievances concerning plaintiff's health complaints. Grievance EAM 09-1759, was filed as an informal resolution on November 22, 2009 and as a formal resolution on December 15, 2009. Doc. No. 45, Ex. C. In this grievance, plaintiff complained about his skin problems and the failure of the medical staff to properly treat him. He received a response to his formal resolution from the Health Services area (step two) on January 25, 2010, and a response from the Assistant Director

(step three) on March 26, 2010.

The second numbered grievance submitted by the parties is EAM 10-00028 (Doc. No.38), which was received on January 5, 2010. In this, plaintiff complains about the medical treatment he received, specifically the abrupt discontinuation of his steroid treatment. Plaintiff received a response to step two on February 3, 2010, with an indication that his grievance was found to be with merit, but was resolved by staff discipline and in-service training. There is no indication that plaintiff appealed this grievance to step three.

Having reviewed the submissions by the parties, the Court finds that plaintiff did not properly exhaust his administrative remedies prior to filing this lawsuit, as required by the PLRA. The only grievance provided to the Court which was fully exhausted was grievance EAM 09-1759, which plaintiff filed as a formal resolution on December 15, 2009. Plaintiff filed this lawsuit on December 28, 2009, and did not receive responses to steps two and three of the grievance until January 22, 2010 and March 26, 2010, which both occurred after the filing of his complaint. Therefore, in accordance with the PLRA, <u>Booth v. Churner</u>, <u>supra</u>, and <u>Jones v. Bock</u>, <u>supra</u>, the Court finds plaintiff's complaint must be dismissed for failure to exhaust his administrative remedies prior to filing his lawsuit. Accordingly,

IT IS, THEREFORE, ORDERED that the defendants' motions to dismiss and for summary judgment (Doc. Nos. 14, 46) are hereby GRANTED, and plaintiff's complaint against defendants is dismissed without prejudice.

IT IS SO ORDERED this 9th day of July, 2010.

_____
United States Magistrate Judge